UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **LORI CHAVEZ-DEREMER,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>     Plaintiff,<br><br>v.<br><br>**AZUL TEQUILA, INC.** et al.,<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 3:25-cv-547<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon motion of attorneys for the Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to FLSA section 17 that

Defendants, their officers, agents, servants, and all persons acting or claiming to act on their

behalf and interest be, and they hereby are, permanently enjoined and restrained from violating

the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the

following manners:

1.     Defendants will not, contrary to 29 U.S.C. §§ 206, and 215(a)(2), pay to any of

their employees who in any workweek are engaged in commerce or in the production of goods

for commerce, or employed in an enterprise engaged in commerce or in the production of goods

for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any

rate subsequently made applicable by amendment to the FLSA.

a. For purposes of Paragraph 1, prohibited actions include, without limitation: failing to pay tipped employees the tipped minimum cash wage while taking a tip credit against Defendants' minimum wage obligations.

2. Defendants will not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Azul Tequila, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless those employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

a. For purposes of Paragraph 2, prohibited actions include, without limitation: paying employees a weekly salary that does not account for their regular pay rate for all hours worked, including overtime, unless any such employee is exempt from overtime under Section 13(a)(1) of the Act.

3. Defendants will not, contrary to 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Azul Tequila, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants will make such records available at all reasonable times to representatives of the Plaintiff.

a.   For purposes of Paragraph 3, prohibited actions include, without limitation: altering or manipulating payroll records to reduce the number of hours employees worked.

b.   Defendants will accurately record all employees' names, addresses, social security numbers, hours worked, wages paid, and rates of pay on their payroll records.

c.   Defendants will ensure that payroll records accurately reflect all hours worked, amounts paid to their employees whether paid by check or cash, gross wages, net wages, tips received, tip credit taken, and all withholding and deductions taken.

4.   Pursuant to 29 U.S.C. § 215(a)(3), Defendants will not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engaged(s) in any of the following activities:

a.   Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b.   Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

c.   Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5.    No later than 30 days after execution[1] of this Consent Judgment, Defendants will install and start utilizing a timeclock or computerized timekeeping system for employees to clock-in and clock-out at each restaurant. Time records will contain the complete date and first and last name of the employee. Defendants will ensure that each employee uses the system to accurately record the time the employee (i) begins work each day by clocking in as soon as the employee begins any period of work; (ii) clocks out for any unpaid breaks of 20 minutes or more; (iii) stops work each day by clocking out when the work period ends.

6.    Defendants won't alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee unless an employee agrees in writing to correct a genuine error or pursuant to a bona fide dispute regarding an employee's time records. Defendants won't encourage or pressure workers to under-report hours worked. Should a bona fide dispute occur, there must be a written record of the disputed hours. Such records will be kept for a period of three years from the day of the request or dispute.

7.    No later than 120 days after execution of this Consent Judgment, Defendants will arrange, at Defendants' sole expense, a one-hour training ("Training") regarding the Act's minimum wage, overtime, and anti-retaliation provisions, conducted by one or more subject matter experts. The Training will, at a minimum, provide instruction about the Act's minimum wage and overtime requirements, prohibited conduct and protected activity under Section 15(a)(3), remedies available for violations of the Act, and practical guidance for employer compliance with the Act. The Training will be attended by Defendants Jose O. Guzman, Oscar Guzman Garcia, and Sergio Rodriguez Zambrano, and all individuals with managerial

---

[1] Execution herein means execution of by both parties.

responsibility at Azul Tequila; a record of attendance at the Training will be created and made available upon request by the Secretary to Defendants.

8.    No later than 15 days after execution of this Consent Judgment, Defendants will distribute to all Azul Tequila employees, in a language in which each employee is fluent, a physical copy of the U.S. Department of Labor, Wage and Hour Division's Handy Reference Guide to the Fair Labor Standards Act, which is available on the DOL website.[2] Defendants will also distribute to all Azul Tequila employees a digital copy of the Digital Reference Guide to the FLSA (Digital_Reference_Guide_FLSA.pdf).

9.    No later than 3 days after the entry of this Consent Judgment by the Court, Defendants will post file-stamped copies of the Consent Judgment at all of Defendants' establishments in a location where employee notices are customarily posted, and will remain posted for a period of not less than 3 months.

Dated this _19th_ day of _March_ , 2026.

_____
Judge William M. Conley
Hon. United States District Judge

---

[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/wh1282.pdf (English),
https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/wh1282_SPANISH.pdf (Spanish).